UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAVAR DEMORIS McBRIDE,

v.  Case No. 8:11-cv-1970-T-30AEP
Criminal Case No. 8:10-cr-25-T-30AEP

UNITED STATES OF AMERICA.
_____/

**O R D E R**

This cause if before the Court on Lavar Demoris McBride's ("McBride") unopposed 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (hereinafter "motion" or "motion to vacate") (Doc. cv-1; cr-69), and the parties' Joint Stipulation Regarding Disposition of 28 U.S.C. § 2255 Motion Based on the Fair Sentencing Act. (cv-3).

On December 16, 2010, McBride was sentenced to 120 months incarceration and 96 months supervised release. (Doc. cr-46). McBride's date of judgment of conviction was also December 16, 2010. (Id.). McBride was sentenced after August 3, 2010, in violation of the Fair Sentencing Act of 2010 (FSA). McBride filed a direct appeal, which was dismissed based on the appeal waiver (Doc. cr-65), and has not previously filed a motion to vacate.

On August 3, 2010, Congress enacted the FSA. McBride was sentenced on December 16, 2010, but the Court did not apply the provisions of the FSA at his sentencing. Binding Eleventh Circuit precedent now holds that the FSA applies to all defendants sentenced for crack cocaine offenses on or after August 3, 2010. *See United States v. Rojas*, 645 F.3d 1234

(11th Cir. 2011). The Department of Justice agrees that the FSA requires the application of the FSA's new mandatory minimum sentencing provisions to all sentencings that are conducted on or after August 3, 2010, regardless of when the offense conduct occurred. See Attorney General Eric Holder's Memorandum, dated July 15, 2011. Because the Court did not apply the FSA at McBride's sentencing on December 16, 2010, the Government and McBride agree that McBride should be resentenced under the FSA. The parties also agree that in light of the FSA, McBride's sentencing guidelines range is 37 to 46 months' imprisonment, his mandatory supervised release term is 72 months, and McBride's sentence should be reduced to 37 months' imprisonment, followed by 72 months' supervised release. (Doc. cv-3).

The Court construes the parties' agreement to McBride's resentencing, as evidenced by the unopposed motion to vacate, and the parties' joint stipulation, to mean that the Government is electing to forgo its contractual right, set forth in the plea agreement (See Doc. cr-32 at 9), to enforce McBride's waiver of his right to collaterally challenge the sentence.[1]

Accordingly, the Court **ORDERS**:

1. Petitioner's unopposed motion to vacate (Doc. cv-1) is **GRANTED**.

---

[1] A plea agreement is "a contract between the Government and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). *See also, United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006) ("[K]nowingly and voluntarily entered plea agreements containing appeal waivers are like contracts in which the government and the defendant have bargained for a deal.") (citation omitted).

2. After considering all the factors in 18 U.S.C. § 3553, McBride's sentence is reduced to thirty-seven (37) months imprisonment, followed by supervised release of seventy-two (72) months. All the other terms and conditions of the Judgment in a Criminal Case (Doc. cr-46) shall remain the same.

3. The Clerk of the Court shall enter an amended judgment in the criminal case no. 8:10-cr-25-T-30AEP in accordance herewith, and upon entry of the amended judgment, the previous judgment shall be vacated.

4. The Clerk of the Court is directed to enter judgment in this civil case no. 8:11-cv-1970-T-30AEP, in favor of Petitioner and against Respondent, and close this case.

5. The Clerk of the Court is also directed to terminate from pending status the motion to vacate found at Doc. cr-69, in the criminal case no. 8:10-cr-25-T-30AEP.

**DONE** and **ORDERED** in Tampa, Florida on October 4, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Counsel of Record:
FPD: Rosemary Cakmis
AUSA: Walter E. Furr, III